[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11265

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRANDON SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00065-CEM-RMN-1

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Brandon Sanders appeals his 24-month sentence imposed upon revocation of his supervised release.  He raises several procedural and substantive arguments including that the district court gave undue weight to the nature and circumstances of a domestic violence incident, failed to properly consider the remaining sentencing factors, improperly considered a retribution factor, and erred in disregarding the availability of drug treatment programs as an alternative to incarceration as required under the United States Sentencing Guidelines.  After careful review, we affirm.

## I.    Background

On October 7, 2022, Sanders began a term of supervised release after being imprisoned for drug and firearm-related offenses.[1]  As part of the mandatory conditions of his supervised release, Sanders was prohibited from committing another federal, state, or local crime, and he was required to refrain from any unlawful use of a controlled substance and to submit to drug testing.

---

[1] Sanders was convicted of conspiracy to distribute cocaine, which is a class C felony, and he had a criminal history category of I.  *See* 18 U.S.C. § 3559(a)(1); 21 U.S.C. § 841(a)(1), (b)(1)(C).

On March 12, 2024, Sanders's probation officer submitted a memorandum violation report with a request for a warrant to the court. The memorandum accused Sanders of five probation violations.

Sanders's first violation was for "new criminal conduct" in which he struck a female victim with a closed fist multiple times to the head, face, and body. The violation was discovered on February 21, 2024, when an officer reported to an apartment complex after receiving a complaint and video evidence detailing a male striking a female victim multiple times with closed fists, grabbing the victim, and throwing her outside the camera view. A small child was also visible observing the altercation.

When interviewed, the victim declined to assist in efforts to capture Sanders, instead stating to the officer that nothing had occurred, she was doing well, and the male was no longer at the residence. Nevertheless, the officer's investigation eventually resulted in him finding Sanders loitering around the entrance to the apartment complex. Sanders told the officer that he was leaving his girlfriend's apartment because they had argued. He ultimately confessed that he struck her after she made a "slick" comment that upset him.

Sanders was arrested for dating violence because he and the victim had been in an intimate relationship for over seven months. Sanders's later confession alleged that he only slapped the victim after she called him derogatory names, but the video clearly shows Sanders hitting the victim with a closed fist, grabbing her around

the neck, and slamming her to the ground.  The victim did not want to pursue charges and said she was either slapped or pushed.

Sanders's second through fifth parole violations included four positive drug tests for marijuana between March 7, 2023, and March 6, 2024.  Upon testing positive on each occasion, Sanders admitted to recently using marijuana.

The violation report also included a supervision history section.  Sanders had stable residence with his grandmother and was employed as a mixer with Suncoast Pebble.  He was in treatment attending weekly substance abuse counseling sessions, though his progress in treatment was minimal as he continued to use illegal substances.[2]

The district court granted the probation officer's petition for a warrant for Sanders, listing the same five violations of supervised release.  Sanders was arrested and remained in custody pending his final revocation of supervised release hearing.  The probation officer recommended an incarceration sentence of nine months on each count to run concurrently to each other and consecutively to any state sentence imposed, and he recommended two years of supervised release on each count to run concurrently.  Sanders contended that, based on his personal history and characteristics, a time-served imprisonment term followed by a supervised release

---

[2] After previously being dismissed from the program due to attendance issues, Sanders was eventually allowed to return.

term of three years would comply with the statutory factors in 18 U.S.C. § 3553.

At Sanders's final revocation hearing, he admitted to all four drug use violations and the domestic violence violation, though he contended that he did not hit the victim with closed fists multiple times in the face, head, and body. Sanders's girlfriend made an unsworn statement to the court in which she stated that Sanders deserved a second chance at life, that he was taking accountability for what happened, that he was a good role model to her daughter, that Sanders had never acted like that before, and that their relationship was good overall. Sanders's grandmother also made a statement describing Sanders's difficult childhood and asserting that he was a good worker, employed, and not violent. Sanders himself stated that he took full accountability for his actions. He ultimately argued that a sentence of time served would satisfy the § 3553 factors.

The government argued that the violations were aggravating and that a sentence of time served was not appropriate. It argued that the first parole violation included a violent assault against Sanders's girlfriend, and the video evidence shows him repeatedly striking her, throwing her to the ground, and placing her in a chokehold. The government also pointed out that Sanders beat his girlfriend in front of her two-year-old daughter, and that the girlfriend's statement was common for victims of intimate violence. The government agreed with the probation officer's

recommendation for a nine-month incarceration sentence and a term of supervised release.

After a brief recess, the court stated that it had reviewed the petition for revocation of supervised release, heard the parties' arguments and statements, and considered the recommendation from the probation office. The court noted that, notwithstanding Sanders's statement that he had accepted responsibility for his actions, Sanders did not admit that he was the perpetrator in the video until the government brought the responding officer to court to testify. The fact that Sanders stated he hit his girlfriend with an open hand even though the video clearly showed a closed fist undermined his "acceptance" even further.

The court went on to describe the video as "look[ing] like the first round of an MMA match. This was a beating. It was difficult to watch." The court weighed the fact that Sanders had gainful employment that enabled him to support loved ones, but rejected the contention that Sanders was "a reliable source of anything," "a good father figure," or "a good example."

Though the district court had acknowledged that the sentencing guidelines recommended a sentencing range of three to nine months, the court ultimately revoked Sanders's supervised release and sentenced him to an imprisonment term of 24 months followed by a term of two years of supervised release. In so doing, the district court stated that it considered the factors in § 3553 as well as the advisory guidelines and policy statements issued by the Sentencing Commission but cited Sanders's continued failure to

accept responsibility for his actions and his continued use of illegal drugs in issuing a sentence that exceeded the guidelines. Sanders objected, contending that the sentence was substantively and procedurally unreasonable. He asserted that the length of his sentence indicated that the district court had punished him for his parole violations and the domestic violence incident, in violation of the sentencing guidelines. Therefore, he argued, the sentence was inappropriate. Finally, he argued that the court failed to give due notice to the § 3553 factors.

Sanders appealed.

## II.    Standard of Review

We review the reasonableness of the district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). The party challenging the sentence bears the burden of demonstrating it is unreasonable. *Id.* at 936. We will "affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (quotation omitted).

If a party raises a procedural sentencing issue for the first time on appeal, we review for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

### III.    Discussion

On appeal, Sanders argues that his sentence upon revocation of supervised release is both procedurally and substantively unreasonable.  We disagree.

#### A.  *Sanders's sentence was procedurally reasonable*

Sanders advances several arguments that his 24-month sentence was procedurally unreasonable.  His arguments fail.

A district court generally commits procedural error in imposing a new sentence upon revocation of supervised release if it miscalculates the advisory guideline range, treats the Sentencing Guidelines as mandatory, or fails to consider the relevant statutory sentencing factors.  *Trailer*, 827 F.3d at 936.  Consideration of an improper § 3553(a) factor is procedural error.  *Vandergrift*, 754 F.3d at 1308.  Whether a court must consider the § 3553(a) factors depends upon whether revocation is permissive or mandatory. *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000), *abrogated in part on other grounds by Tapia v. United States*, 564 U.S. 319 (2011).

If the revocation is mandatory, we have held that the district court need not consider any of the § 3553(a) factors in imposing a sentence. [3]  *Brown*, 224 F.3d at 1241; *see* 18 U.S.C. § 3583(g).  When

---

[3] In contrast, in circumstances where revocation is permissive, the court must consider the factors required by 18 U.S.C. § 3583(e) (listing the § 3553(a) factors but explicitly excluding § 3553(a)(2)(A) ("[T]he need for the sentence imposed . . . to provide just punishment . . . .")).

a court considers the § 3553(a) factors in fashioning a sentence, however, "the weight given to each factor is committed to the sound discretion of the court," and the court may attach great weight to one factor over the others "so long as the sentence is reasonable under the circumstances." *Butler*, 39 F.4th at 1355 (quotation omitted).[4] Similarly, a district court's decision to impose a sentence greater than the guideline range receives "broad leeway." *Id.*

Revocation is mandatory if a defendant, "as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year." 18 U.S.C. § 3583(g)(4). The court has discretion to determine the length of imprisonment for a mandatory revocation so long as it does not exceed the maximum allowed under § 3583(e)(3) based on the class of the original offense. *See* 18 U.S.C. § 3583(e)(3), (g). For a revocation of supervised release based upon a Class C felony and a criminal history category of I, the guideline range is three to nine months. U.S.S.G. § 7B1.4(a). A defendant cannot serve more than two years in prison upon revocation of supervised release when the original offense is a Class C felony. *See* 18.U.S.C. § 3583(e)(3).

---

[4] We acknowledge that *Butler* addresses the imposition of an original sentence and not a sentence upon revocation of supervised release, 39 F.4th at 1354, but we routinely cite original sentencing cases when reviewing the reasonableness of a revocation sentence. *See, e.g., United States v. Moore*, 22 F.4th 1258, 1269 (11th Cir. 2022); *Trailer*, 827 F.3d at 936.

Sanders concedes his revocation was mandatory because he tested positive for marijuana four times from March 7, 2023, to March 6, 2024. Accordingly, the district court was free to and did consider the § 3553(a) factors in imposing his sentence upon revocation.[5] *Brown*, 224 F.3d at 1241. And the district court did not commit procedural error in sentencing him to 24 months upon revocation of supervised release because that sentence was within the statutory range for a Class C felony, and a district court receives "broad leeway" to impose an above guideline range sentence. *See* 18 U.S.C. § 3583(e)(3); *Butler*, 39 F.4th at 1355.

Sanders's arguments to the contrary all fail because they address potential errors for a permissive revocation, but, as already addressed, Sanders's revocation was mandatory. First, Sanders argues that the district court erred by not considering all of the § 3553(a) factors, but a district court need not address the § 3553(a) factors for a mandatory revocation. *See Brown*, 224 F.3d at 1241. Second, Sanders argues that the district court's consideration of § 3553(a)(2)(A) was error, but the district court may consider § 3553(a)(2)(A) in a mandatory revocation. *Id.* Third, Sanders cites to two provisions of the Sentencing Guidelines to argue that the

---

[5] We decline Sanders's invitation to "revoke" our holding in *Brown* that a district court need not consider the § 3553(a) factors for a mandatory revocation because we are bound by prior panel precedent. *United States v. Files*, 63 F.4th 920, 923 (11th Cir 2023) ("[A]n earlier panel's holding is controlling unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." (quotation omitted)).

24-11265               Opinion of the Court                    11

24-month sentence that the district court imposed was an improper criminal sanction for his parole violations. *See* U.S.S.G. § 7A1.1, Pt. B, intro. cmt.[6]; U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b)[7]. Sanders's 24-month sentence was within the statutory range for his underlying Class C felony, however, and the district court was free to impose that sentence upon mandatory revocation of supervised release. *See* 18.U.S.C. § 3583(e)(3); *Butler*, 39 F.4th at 1355. Accordingly, the district court did not commit procedural error in sentencing Sanders to 24 months incarceration upon revocation of supervised release.[8]

---

[6] "[W]here the defendant is convicted of a criminal charge that is also a basis of the violation, these policy statements do not purport to provide the appropriate sanction for the criminal charge itself." U.S.S.G. § 7A1.1, Pt. B, intro. cmt.

[7] Describing how revocation is "intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision, leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense." U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b)

[8] For the first time on appeal, Sanders also argues that the district court should have considered the availability of drug treatment programs as an exception to the mandatory revocation. *See* 18 U.S.C. § 3583(d); U.S.S.G. § 7B1.4 cmt. n.6. Failure to raise below means that we review for plain error. *Vandergrift*, 754 F.3d at 1307. Under plain-error review, a defendant must show that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. *Id.* If the defendant meets each element, we may exercise our discretion to correct the error if it seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted). Sanders's argument fails once more. The district court explicitly considered Sanders's repeated failures to abide by the treatment program imposed as a condition of his supervised release, Sanders's multiple failed drug tests, and

### B. Sanders's sentence was substantively reasonable

Lastly, Sanders attacks his sentence as substantively unreasonable. Once again, he fails to meet his burden.

Substantive unreasonableness occurs when a court fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). "We may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence that falls outside the range of reasonableness as dictated by the facts of the case." *Id.* We also "do not presume that a sentence outside the prescribed guideline range is unreasonable" and acknowledge that an above-guideline sentence may be required where "a sentence within the range would not adequately reflect the relevant purposes of a sentence as set out in § 3553(a)." *United States v. King*, 57 F.4th 1334, 1339 (11th Cir. 2023) (finding that a sentence that was 3.5 times greater than the guideline range was substantively reasonable because of the defendant's frequent and substantial violations of his release).

Sanders's sentence was substantively reasonable. The district court weighed the appropriate § 3553(a) factors in imposing

the Sentencing Commission's advisory guidelines and policy statements in imposing the sentence. Thus, we do not find that the district court committed plain error in imposing incarceration in lieu of a drug treatment program.

a 24-month sentence. The court balanced Sanders's personal circumstances—including his gainful employment that supported his family members and his sub-optimal childhood—against Sanders's continued drug use, the violent attack against his girlfriend that constituted new criminal conduct, and his refusal to acknowledge the attack's severity. The district court had discretion to weigh the factors, focusing particularly upon Sanders's continued failure to accept responsibility for his actions and his continued use of illegal drugs, and impose an above-guidelines sentence. *See King*, 57 F.4th at 1339. Accordingly, Sanders has not demonstrated that his 24-month sentence was substantively unreasonable.

## IV.    Conclusion

For the above reasons, we hold that Sanders has failed to demonstrate that his 24-month sentence upon revocation of supervised release was procedurally or substantively unreasonable. Accordingly, we affirm.

**AFFIRMED.**